# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-55V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * *
                                      *
MEGHAN HEPLER,                        *
                                      *
              Petitioner,             *        Filed:  June 6, 2016
                                      *
       v.                             *
                                      *
                                      *        Decision; Attorney's Fees and
SECRETARY OF HEALTH                   *        Costs.
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * *
```

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioner.

*Lisa A. Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On January 24, 2014, Meghan Hepler filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. On May 18, 2016, the parties filed a stipulation proposing an award of compensation. ECF No. 54. I subsequently issued a decision on May 19, 2016, concluding that the stipulation was reasonable, and therefore adopting it as my decision awarding Petitioner damages. ECF No. 56.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On May 19, 2016, Petitioner filed a Motion requesting an award of attorney's fees in the amount of $28,280.00, and costs in the amount of $3,259.45, for a total amount of $31,539.43. ECF No. 55. In accordance with General Order No. 9, Petitioner's counsel also represented that Petitioner incurred $750.00 in out-of-pocket expenses (specifically paid to Petitioner's expert). *See* Ex. C to Fees Motion (ECF No. 55-3).

On June 1, 2016, Respondent filed a brief in reaction to Petitioner's Motion. ECF No. 60. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs," and therefore declined to comment on any specific elements of Petitioner's Fees Request. ECF No. 60 at 1. Respondent added that she accepted the appropriateness of a fees award in this case, given Petitioner's success. *Id*. at 2 (citing Section 15(e)(1)). However, she maintained that a reasonable amount for fees and costs in the present case would fall between $22,000.00 and $33,000.00, providing no substantiation for this proposed range. *Id*. at 3. Petitioner filed a reply on June 2, 2016 (ECF No. 61), noting that the work her counsel performed on the matter was reasonable, and emphasizing counsel's overall Program experience.

I have reviewed the billing records submitted with Petitioner's initial request, and based on my discretion and Vaccine Program experience, find no cause to reduce the requested hours. However, the rate requested for Ms. Carol Gallagher, the attorney in this matter ($350 per hour), is not justified. Last fall, I had the occasion to rule on the appropriate amount of an hourly rate for Ms. Gallagher, in light of the forum in which she practices and her experience, and I determined that she should receive $315 an hour for work performed in 2015. *See Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *8-12 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).

Petitioner has offered nothing in her fees request to suggest that my prior analysis is incorrect or should be revisited. I will therefore apply the $315 per hour rate herein to work performed in 2015, adjusted upward to $318 (as per the CPI Calculator[3]) for work performed in 2016, to account for inflation. Utilizing these rates, attorney's fees are adjusted to **$19,209.90** ((41.5 hours in 2015 x $315) + (19.3 hours x $318)).

As noted above, Petitioner also requests costs in the amount of $3,259.45. ECF No. 55. Respondent does not object to these costs as unreasonable, and upon review of the record I find that they are reasonable. Petitioner is also entitled to a separate award of costs she specifically

---

[3] *CPI Inflation Calculator,* U.S. Bureau of Labor Statistics, http://data.bls.gov/cgi-bin/cpicalc.pl (last accessed May 13, 2016) ("CPI Calculator").

incurred.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Based on the reasonableness of Petitioner's request, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs.  I award (a) a total of **$22,469.33** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel Ms. Carol Gallagher, and (b) the sum of $750.00 in the form of a check payable to Petitioner.

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' joint filing of notice renouncing the right to seek review.